**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 EMPLOYEE BENEFIT FUNDS AND TRUSTEES THEREOF, | : : : : : : : : : : : : : : : | CIVIL ACTION NO. 10-1523 (MLC)  **OPINION** |
| Plaintiff, |
| v. |
| HASKELL SITE WORKS, |
| Defendant. |

**THE PLAINTIFF**, International Union of Operating Engineers Local 825 Employee Benefit Funds and Trustees Thereof ("plaintiff") seeking a preliminary injunction to require the defendant, Haskell Site Works ("defendant") "to post a bond or escrow monies from the sale of any assets or accounts receivable, to secure their debt to the [plaintiff] pending disposition of this action" (dkt. entry no. 7, Motion at 2); and the plaintiff arguing that the defendant will be ultimately unable to produce the funds necessary to repay its debt to the plaintiff (dkt. entry no. 7, Pl. Br. at 1.); and

**IT APPEARING** that injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances," Novartis Consumer Health Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co., 290 F.3d 578, 586 (3d Cir. 2002) (quotation and

citation omitted); and it further appearing that to obtain interim relief, a movant must demonstrate both a likelihood of success on the merits and the probability of irreparable harm absent the injunction, Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988); and it further appearing that the Court, in considering whether to issue a preliminary injunction must consider whether (1) the movant has shown a reasonable probability of success on the merits, (2) the movant will be irreparably injured by denial of the relief, (3) granting the preliminary relief will result in even greater harm to the nonmoving party, and (4) granting the preliminary relief is in the public interest, ACLU of N.J. v. Black Horse Pike Reg'l Bd. Of Educ., 84 F.3d 1471, 1477 n.2 (3d Cir. 1996); AT&T Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994); see The Nutrasweet Co. v. Vit-Mar enter., Inc., 176 F.3d 151, 153 (3d Cir. 1999); and it further appearing that the Court should issue an injunction "only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief," AT&T Co., 42 F.3d at 1427 (citation omitted); see The Nutrasweet Co., 176 F.3d at 153 (noting that a plaintiff's failure to establish any one of the four elements renders a preliminary injunction inappropriate); and

**IT FURTHER APPEARING** that demonstrating irreparable harm is "[p]erhaps the single most important prerequisite" for issuing a preliminary injunction, Garten v. Hochman, No. 08-9425, 2009 WL 302267, at *5 (S.D.N.Y. Jan. 28, 2009); and it appearing that the party seeking injunctive relief must demonstrate irreparable harm by "a clear showing of immediate irreparable injury," Florence v. Bd. of Chosen Freeholders, 595 F.Supp.2d 492, 514 (D.N.J. 2009) (citation omitted); and it appearing that to demonstrate irreparable harm, "the plaintiff[] must show . . . [that it] will suffer 'actual and imminent' harm rather than harm that is speculative or unsubstantiated," Abney v. Amgen, Inc., 443 F.3d 540, 552 (6th Cir. 2006) (citation omitted); and the Court noting that a plaintiff demonstrates irreparable harm when such "plaintiff demonstrates a significant risk that he or she will experience harm," Florence, 595 F.Supp.2d at 514 (emphasis removed); and it further appearing that demonstrating only a risk or possibility of irreparable harm is insufficient, Acierno v. New Castle County, 40 F.3d 645, 655 (3d Cir. 1994).

**THE COURT** having considered the papers of both parties; and the Court noting that the plaintiff's argument concerning irreparable harm is that it was informed that the defendant's creditors repossessed certain items from its site of business (Pl. Br. at 5.); and the plaintiff arguing that the defendant's payments under a previously agreed upon settlement were tardy

(id.); and the plaintiff further arguing that the defendant remains grossly in arrears; and the plaintiff arguing that, as such, there is a "likelihood" that the defendant will be unable to produce sufficient funds in the event that the Court enters a judgment in favor of the plaintiff (id. at 9); and the plaintiff arguing that it will suffer irreparable harm because of this likelihood; and the Court noting that the allegation of a "likelihood" that the defendant will be ultimately unable to produce funds necessary for a judgment is insufficient to demonstrate a clear showing of immediate irreparable injury; and the Court further noting that such allegation is merely speculative and unsubstantiated; and for good cause appearing, the Court will issue an appropriate order.

                                                    s/Mary L. Cooper  
                                                    **MARY L. COOPER**  
                                                    United States District Judge

Dated:    May 17, 2010